# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

## No 24-10841

---

**U.S. COURT OF APPEALS**
**RECEIVED**
**Dec 02, 2024**
**FIFTH CIRCUIT**

## ROCHELLE L. SMITH,

**Appellant**

## Versus

## GENERAL MOTORS LLC,

**Appellee**

---

On appeal from the Decision of United States District Court for the Northern

District of Texas

In Cause NO. 4:23-CV-00379-O-BP

---

# GENERAL MOTORS LLC MOTION TO DISMISS AND MOTION FOR

# JUDGMENT OF PLAINITIFF'SCLAIMS APPEAL

---

**Counsel of Record**

| | |
|---|---|
| **Rochelle L. Smith** | **Jonathan G. Rector and M. Collin Quigley** |
| **Pro Se** | **Attorney Texas State Bar No. 24090347 & 24100928** |

*Oral Argument Brief*

## **LIST OF PARTIES**

**PLAINTIFF-APPELLANT**

ROCHELLE L. SMITH,

**DEFENDANT-APPELLEE**

GENERAL MOTORS LLC,

**TRIAL COUNSEL FOR GENERAL MOTORS LLC,**

Jonathan G. Rector

Texas Bar No. 24090347

M. Collin Quigley

Texas Bar No. 24100928

LITTLER  MENDELSON  P.C.

2001 Ross Avenue Suite 1500

Dallas, Texas 75201-2931

(214) 880-8100

(214) 880-0181 (Fax)

jrector@littler.com

cquigley@littler.com

# **TABLE OF CONTENTS**

LIST OF PARTIES ....................................................................................................ii

INDEX OF AUTHORITIES.......................................................................................iv

JURISDICTION......................................................................................................... 1

STATEMENT OF THE CASE..................................................................................... 1

ISSUES PRESENTED…............................................................................................ 1

LEGAL STANDARD...............................................................................................3-6

ARGUMENT .......................................................................................................6-25

**Issue I:**   The defendant is in default, GM failed to answer the Amended summons within 21 days.

**Issue II:**   The District Court erred as a matter of law or plain error in its conclusion; Smith's TCHRA claims are untimely.

**Issue III:**   Plaintiff exhausted her administrative remedies under the TCHRA.

**Issue IV:** The District Court erred as a matter of law or plain error in its conclusion, that the Plaintiff claims were time-barred by statute of limitation.

**Issue V:**   Appellant Smith exhausted her administrative remedies on her failure to promoted to permanent position and failure to enroll into the company ADAPT (Accommodating Disable People in Transition).

**Issue VI:**   Appellant Smith pled a proper wrongful discharge claim due to discrimination disability.

**Issue VIII:**   Smith did state facts to show that she was qualified for the job.

**Issue IX:**   The District Court erred as a matter of law or plain error in its

conclusion, the Court need not consider the allegations that Smith made in her

responses because she did not raise them in her original or amended complaint.

**Issue X:**   The district court did not use the correct definition of disability from the

ADAAA and its corresponding regulations.

**Issue XI:**   The district court erred when they stated that "Roughly a year later, in

March 2022, Smith had not returned to work".

CONCLUSION ...................................................................................................25

CERTIFICATE OF SERVICE ............................................................................. 26

CERTIFICATE OF COMPLIANCE....................................................................27

# INDEX OF AUTHORITIES

**Acts**

The ADA Amendments Act of 2008 ("ADAAA")................................................. 16

**Cases**

**Adams v. Cal-Ark Intern., Inc.** 159 F. Supp. 2d 402 (E.D. Tex.

2001………...………………………………………………….………….…3

**Andrews v. 1788 Chicken, LLC** Civil Action 3:22-CV-00276-HTW-LGI (S.D.

Miss. Sep. 25, 2024) ............................................................................ 14

**Allison v. City of Fort Worth, Texas,** 60 F. Supp. 2d 589 (N.D. Tex.

1999)……………………………………………….…………….…...…..9

**Atwater Partners of Texas LLC v. AT&T, Inc.** CIVIL ACTION NO. 2:10-cv-

175-TJW (E.D. Tex. Mar. 18, 2011…...................................................7

**Banister v. Davis,** 140 S.Ct. 1698, 1703 (2020)........................................5

**Blanton v. Arrow Ford, Inc.** Civil Action 3:21-CV-152-L (N.D. Tex. Dec. 23,

2022)……...……………………………………………………………...7

**Burton v. Freescale Semiconductor, Inc.** 798 F.3d 222 (5th Cir. 2015) ...............5

**Campos v. Steves & Sons, Inc.** 10 F.4th 515 (5th Cir. 2021) .............................17

**Chastain v. United Parcel Serv., Inc.** No. 3:13-CV-00317-M (N.D. Tex. Jul. 10, 2013)……………………………………………………………………...…8

**Delaware State College v. Ricks,** 449 U.S. 250, 258-59, 101 S.Ct. 498, 504-05, 66 L.Ed.2d 431 (1980) .......................................................................3,12

**Deville v. The Univ. of Tex. M.D. Anderson Cancer Ctr.** 634 S.W.3d 324 (Tex. App. 2021) ................................................................................... 16

**E.E.O.C. v. WC&M Enterprises, Inc.,** 496 F.3d 393, 398 (5th Cir. 2007)……12

**Edelman v. Lynchburg Coll.,** 535 U.S. 106, 109 n.1 (2002)

**Employment Opportunity v. Houston Area Sheet Metal** Civil Action # H-00-3390 (S.D. Tex. May. 31, 2002) ................................................................. 9

**Equal Employment Opportunity Commission v. Commercial Office Products Co.** 486 U.S. 107 (1988) ...............................................................................3

**Gosby v. Apache Indus. Servs., Inc.,** 30 F.4th 523, 525 (5th Cir. 2022)........3,4,17

**Guidry v. La. Military Dep't Youth Challenge Program** Civil Action 20-801-JWD-EWD (M.D. La. Sep. 21, 2023) ....................................................12

**Groden v. City of Dall.** 826 F.3d 280 (5th Cir. 2016) ......................................... 21

**Haines v. Kerner** 404 U.S. 519 (1972) ...................................................................3

**Hager v. NationsBank N.A.** 167 F.3d 245 (5th Cir. 1999) .................................21

**Heinsohn v. Carabin & Shaw, P.C.** 832 F.3d 224 (5th Cir. 2016).......................17

**In re Transtexas Gas Corp.,** 303 F.3d 571, 581 (5th Cir. 2002) ........................5,6

**Johnson v. City of Shelby** 574 U.S. 10 (2014)................................................... 20

**Johnson v. Jpmorgan Chase & Co.** CIVIL ACTION NO. 16-1632 (W.D. La. Feb. 16, 2017) ..................................................................... 22

**Ledesma v. Allstate Ins. Co.** 68 S.W.3d 765 (Tex. App. 2001) .......................... 12

**Little v. Texas Dept. of Criminal Justice** 148 S.W.3d 374 (Tex. 2004)..............5

**Luig v. N. Bay Enters., Inc.** 817 F.3d 901 (5th Cir. 2016) ................................. 6

**Luna v. Walgreen Co**., 2001 WL 1142806 (N.D.Tex. 2001).............................. 14

**Martinez v. Mathews** 544 F.2d 1233 (5th Cir. 1976)........................................... 3

**McInnis v. Alamo Community College Dist** 207 F.3d 276 (5th Cir. 2000).……16

**Mennor v. Fort Hood Nat. Bank** 829 F.2d 553 (5th Cir. 1987)........................... 4

**Miller v. Stanmore,** 636 F.2d 986,988 (5th Cir. 1981)........................................... 3

**Rice v. Russell-Stanley** 131 S.W.3d 510 (Tex. App. 2004).............................11, 13

**Reese v. Saul** CIVIL ACTION NO. 4:19-CV-2787 (S.D. Tex. Nov. 3, 2020)…17

**Toyota Motor Mfg., Ky., Inc. v. Williams.,** 534 U.S. 184 (2002)........................5

**Walwyn v. Precision Tube Technology** Civil Action No. H-05-3848 (S.D. Tex. May. 1, 2006)................................................................10

**Washington v. Paths**, 868 F.2d 172, 175 (5th Cir. 1989)...................................... 3

**Young v. United Parcel Serv., Inc.** 574 U.S. 972 (2015) ...................................19

**TO THE HONORABLE COURT OF APPEAL:**

**COMES NOW** appellant, Rochelle L. Smith, submits this appeal from the Decision of United States District Court for the Northern District of Texas In Cause NO. 4:23-CV-00379-O-BP.

## JURISDICTION

This court has Subject Matter Jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE CASE

This is an appeal from the entry of final judgment and denial of Plaintiff's Rule 59(e) motion to alter or amend a judgment dated on August 20, 2024 by District Court Judge Reed O'Connor.

## ISSUES PRESENTED

After the perusing the documents and case files, the Appellant has an issue regarding the case, these issues are as under:

    (i)    The defendant is in default, GM failed to answer the Amended summons within 21 days.

(ii)    The District Court erred as a matter of law or plain error in its

conclusion; Smith's TCHRA claims are untimely.

(iii)    The plaintiff exhausted her administrative remedies under the TCHRA.

(iv)    The District Court erred as a matter of law or plain error in its

conclusion, that the Plaintiff claims were time-barred by statute of

limitation.

(v)    Appellant Smith exhausted her administrative remedies on her failure

to promoted to permanent position and failure to enroll into the

company ADAPT (Accommodating Disable People in Transition).


(ix)    The District Court erred as a matter of law or plain error in its

conclusion, the Court need not consider the allegations that Smith

made in her responses because she did not raise them in her original

or amended complaint.

(x)    The district court did not use the correct definition of disability from

the ADAAA and its corresponding regulations.

(xi)    The district court erred in its contention that "Roughly a year later,

in March 2022, Smith had not returned to work".

## LEGAL STANDARD

The United States Supreme Court has instructed that we hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner** 404 U.S. 519 (1972); accord **Miller v. Stanmore,** 636 F.2d 986,988 (5th Cir. 1981).

In Martinez this circuit approved of appellate consideration of an issue asserted for the first time on appeal "when a pure question of law is involved and a refusal to consider it would result in a miscarriage of justice." **Martinez v. Mathews** 544 F.2d 1233 (5th Cir. 1976)

Texas is a deferral state, and therefore, a claimant in Texas has 300 days from the date of the alleged discriminatory act to file her charge. *See* **Equal Employment Opportunity Commission v. Commercial Office Products Co.** 486 U.S. 107 (1988), holding that, in deferral states, late filing with the state does not bar a plaintiff from timely filing their federal claim within the extended 300-day period,

**Washington v. Paths** 868 F.2d 172, 175 (5th Cir. 1989) the requirement that persons aggrieved must initially institute proceedings with the state referral agency is met by the EEOC's routine transmittal of a copy of the complaint to the state referral agency....... To require more would merely impose a meaningless bureaucratic ritual on these agencies. *See* **Adams v. Cal-Ark Intern., Inc.** 159 F. Supp. 2d 402 (E.D. Tex. 2001) explaining the difference between deferral and non-deferral states, and **Mennor v. Fort Hood Nat. Bank** 829 F.2d 553 (5th Cir. 1987). In Mennor, this court found that the creation of the Texas Commission on Human Rights after an allegedly discriminatory act had occurred entitled the charging party to the 300-day period available in deferral states under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5(e).

Generally, a discrimination cause of action accrues, and the 300 day period begins running, when the employee learns of the adverse action taken by the employer. **Delaware State College v. Ricks**, 449 U.S. 250, 258-59, 101 S.Ct. 498, 504-05, 66 L.Ed.2d 431 (1980). Title VII requires that a complaint be filed with the EEOC within 180 days (300 days under certain circumstances) "after the alleged unlawful employment practice occurred," 42 U.S.C. § 2000e-5 (e). **E.E.O.C. v. WC&M Enterprises, Inc.,** 496 F.3d 393, 398 (5th Cir. 2007). An individual claiming discrimination in violation of Title VII must file a charge of discrimination with the EEOC within 300 days "after the alleged unlawful employment practice

occurred." [42 U.S.C. § 2000e-5(e)(1)](). Appellant's claims are not requirement to be
filed in a 180 days after the act in a deferral state like Texas.

An employee may use "direct or circumstantial evidence, or both" to establish a
case of discrimination. **Gosby v. Apache Indus. Servs., Inc.,** 30 F.4th 523, 525
(5th Cir. 2022) "setting out elements of an ADA claim", and **Chastain v. United
Parcel Serv., Inc.** No. 3:13-CV-00317-M (N.D. Tex. Jul. 10, 2013). For purposes
of chapter 21 of the Labor Code, the term "disability" means "with respect to an
individual, a mental or physical impairment that substantially limits at least one
major life activity of that individual, a record of such an impairment, or being
regarded as having such an impairment...... " Id. § 21.002(6) (emphasis added)
**Little v. Texas Dept. of Criminal Justice** 148 S.W.3d 374 (Tex. 2004).

**Toyota Motor Mfg., Ky., Inc. v. Williams.,** 534 U.S. 184 (2002) Holding
"substantially" and "major" "need to be interpreted strictly to create a demanding
standard for qualifying as disabled," and therefore, to be disabled "an individual
must have an impairment that prevents or severely restricts the individual from
doing activities that are of central importance to most people's daily lives" **Burton
v. Freescale Semiconductor, Inc.** 798 F.3d 222 (5th Cir. 2015)

Rule 59(e) allows a litigant to file a "motion to alter or amend a judgment." The
time for doing so is short—28 days from entry of the judgment, with no possibility

of an extension **Banister v. Davis,** 140 S.Ct. 1698, 1703 (2020). Only the

disposition of that motion "restores th[e] finality" of the original judgment, thus

starting the 30-day appeal clock. A Rule 59(e) motion "calls into question the

correctness of a judgment." **In re Transtexas Gas Corp.,** 303 F.3d 571, 581 (5th

Cir. 2002). It "serve[s] the narrow purpose of allowing a party to correct manifest

errors of law or fact or to present newly discovered evidence." The denial of a

motion to alter or amend judgment under Rule 59(e) is reviewed for abuse of

discretion. **Luig v. N. Bay Enters., Inc.** 817 F.3d 901 (5th Cir. 2016) explaining

that a dismissal should have been reconsidered because the Rule 59(e) movant's

newly presented evidence was probative on the basis for dismissal.

## ARGUMENT

In its Motions, GM seeks dismissal of Plaintiff Rochelle L. Smith's claims

because: (1) GM alleges Smith did not exhaust her administrative remedies before

filing suit in the federal court; (2) Most of the alleged acts of discrimination fell

outside the 300-day limitations period; (3) Plaintiff Smith did not sufficiently plead

a wrongful discharge claim; (4) Smith did not state facts to show that she qualified

for the job. (5) Smith did not adequately plead disability under ADA. ECF No. 83.

ROA 24-10841.472-487. Plaintiff contends that her ADA and TCHRA are

exhausted and all claims timely. Plaintiffs' claims survive under the continued

violation doctrine and that she sufficiently pleaded a wrongful discharge because

of her disability. ECF No. 87. ROA 24-10841.532-616.


**First**, the defendant is in default, GM failed to answer the Amended summons

within 21 days.  ROA 24-10841.41-42 & ROA 24-10841.54-56

Defendant requested for an extension three (3) days before the pleading deadline.

Rule 6(b)(1)(A) bars district courts from extending Rule 12(a)(1)(A)(i)'s 21 day

deadline without showing good cause. "A court abuses its discretion when its

ruling is based on an erroneous view of the law or on a clearly erroneous

assessment of the evidence." A party who has willfully disregarded the rules of the

judicial process should suffer a judgment by default as a result of his deliberate and

contumacious conduct. Plaintiff's motion for default judgment ECF No. 32  should

have been granted, because good cause is a prerequisite for an extension of time

under Rule 12(a)(1)(A)(i), the district court abused its discretion by granting GM

leave to file its answer out-of-time. **Blanton v. Arrow Ford, Inc.** Civil Action

3:21-CV-152-L (N.D. Tex. Dec. 23, 2022). Appellant was prejudiced by the

extension of the time. It was important that the Defendant answer by April 27,

2023, so that the case would remain on a proper timeline based on the Federal Rule

of Civil Procedure 12(a)(1)(A)(i). Appellant complied with Federal Rule of Civil

Procedure 4(a), and the complaint complied with Federal Rule of Civil Procedure

8(a) *See* **Atwater Partners of Texas LLC v. AT&T, Inc.** CIVIL ACTION NO. 2:10-cv-175-TJW (E.D. Tex. Mar. 18, 2011). Rule 8(a) requires only a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) does not state a complaint must contain all relevant and material information that the party possesses. The EEOC sent the defendant a copy of Appellant Smith's ADA charge on 12/22/2022 at 16:18 to General Motors at generalmotorslscharges@littler.com that charge has been perfected, this put the defendants on notice that the plaintiff seek to file a suit. Any augment that the Law Office of Littler Mendelson P.C. being hired three days before the 21 days expired would a misreputation. ROA 24-10841.68

   **Second**, the District Court erred as a matter of law or committed a plain error in its conclusion that Plaintiff Smith's TCHRA claims were untimely. **The United States Magistrate Judge Hal R. Ray Jr. states "Smith had until May 09, 2020, to file a TCHRA claim."** ROA 24-10841.399

Appellant's First Amended Complaint relates back to the date of the filing of Appellant's Original Complaint. As required by the plain terms of Rule 15(c), Appellant's TCHRA claims arise out of the identical conduct, transaction, or occurrence as Appellant's Title VII claims. Plaintiff's TCHRA charge of ADA Other-Other Disability Discharge was filed with the EEOC within the statute of

limitations of the adverse employment action, and all her ADA and TCHRA claims

are exhausted and timely *See* **Washington v. Patlis,** 868 F.2d 172, 175 (5th Cir.

1989), and **Chastain v. United Parcel Serv., Inc.** No. 3:13-CV-00317-M (N.D.

Tex. Jul. 10, 2013) to preserve a claim under the ADA, plaintiffs must file a charge

of discrimination with the EEOC within 300 days of the alleged discriminatory

act. *See* 42 U.S.C. § 12117 (incorporating 42 U.S.C. § 2000e-5(e)). The adverse

employment actions that Plaintiff complains about in her suit are, (1) GM failed to

place Appellant Smith in the ADAPT program, (2) GM failed to promote

Appellant Smith to a permanent employee after her second employment

anniversary, and (3) GM wrongfully discharged Appellant Smith on March 03,

2022. All actions occurred after February 22, 2022. Counting forward 300 days

from March 03, 2022 the date the last adverse employment action occurred, is

Wednesday December 28, 2022 the last day Appellant Smith would be eligible to

file a claim, the EEOC filed Appellant Smith's claims on December 19, 2022.

Texas is a deferral state, and therefore, a claimant in Texas has 300 days from the

date of the discriminatory act to file her charges.  Under the Worksharing

Agreement between the EEOC and the TWC, Plaintiff's filing with the EEOC and

the EEOC's transmission of this complaint to the TWC, therefore, meets the

applicable 300-day time limit, thus preserving her right to pursue her claim in

federal district court. Further, charges are considered filed with the EEOC upon

receipt. *See* 29 C.F.R. § 1601.13(4)(ii)(A). On 12/19/2022 11:48 ROA 24-10841.508 Allegation of ADA Other-Other Disability Discharge were added to this case for review and was timely filed within 300 days. Therefore, regardless of which EEOC office the Plaintiff filed her charge with, if the charge was filed within the limitations period, the filing was sufficient to satisfy the EEOC filing requirement. *See* **Edelman v. Lynchburg Coll.,** 535 U.S. 106, 109 n.1 (2002) and **Allison v. City of Fort Worth, Texas,** 60 F. Supp. 2d 589 (N.D. Tex. 1999) recognizing that, in certain circumstances, a 300-day filing requirement may apply to claims under the TCHRA. Because the TCHRA is the state counterpart to Title VII, the same standards apply." Plaintiff's claims are not requirement to be filed in a 180 days after the act in a deferral state like Texas. *See* **Employment Opportunity v. Houston Area Sheet Metal** Civil Action # H-00-3390 (S.D. Tex. May. 31, 2002), **Adams v. Cal-Ark Intern., Inc.** 159 F. Supp. 2d 402 (E.D. Tex. 2001) explaining the difference between deferral and non-deferral states, and **E.E.O.C. v. WC&M Enterprises, Inc.,** 496 F.3d 393, 398 (5th Cir. 2007)

**Third,** Plaintiff's TCHRA claims are exhausted.

On 12/19/2022 @ 13:04 ROA 24-10841.508 the Case status changed from Inquiry Submitted to Charge, "the Plaintiff complied with Federal Rule of Civil Procedure 9(c), which expressly permits alleging "generally that all conditions precedent have

occurred or been performed." On 12/19/2022 @ 13:19 Dual filing notification sent

to Texas Workforce Commission Civil Rights Division the Plaintiff complied with

29 C.F.R. § 1601.13(4)(ii)(A). At that point, Plaintiff had exhausted her

administrative remedies under the TCHRA, because Plaintiff was not required to

bring her state claims to court within sixty days of receiving the EEOC's "right to

sue" letter, the trial court erred in dismissing her suit. *See* **Ledesma v. Allstate Ins.**

**Co.** 68 S.W.3d 765 (Tex. App. 2001). Plaintiff filed her original complaint in the

Northern District of Texas District Court Dallas Division on March 22, 2023, on

the 89th day from downloading the right to sue letter pursuant to Fed. R. Civ. P.

6(a)(1)(A), 42 U.S.C. § 2000e-5(f)(1) and **Walwyn v. Precision Tube Technology**

Civil Action No. H-05-3848 (S.D. Tex. May. 1, 2006). She received the Right to

Sue Notice on December 22, 2022. Plaintiff had ninety days to file a lawsuit based

on the ADA and TCHRA violations alleged in the EEOC Charge. Plaintiff's

deadline to sue was March 22, 2023. Plaintiff filed the instant case in the Dallas

Division District Court on March 22, 2023 ROA 24-10841.23-28.  The trial court

had subject matter jurisdiction of Plaintiff's TCHRA claims the court dismissed.

For the court to ask Plaintiff to exhaust her administrative remedies and re-file her

claim would be futile, ROA 24-10841.29 (**The heading on the "Charge of**

**Discrimination" EEOC Form 5 submitted by Plaintiff to the court was**

**titled: "Texas Workforce Commission Civil Rights Division and EEOC."**).

Plaintiff Rochelle L. Smith cured the defect that the court has identified with respect to her TCHRA claim. However, the TCHR's "right to sue" letter is not jurisdictional; a complainant may file suit asserting claims under the Act before receiving the letter. *See id*. § 21.252(d) ("Failure to issue the notice of a complainant's right to file a civil action does not affect the complainant's right . . . to bring a civil action against the respondent.") *See* **Ledesma v. Allstate Ins. Co.** 68 S.W.3d 765 (Tex. App. 2001). The fact that she did not receive her right-to-sue letter, which serves as written verification of administrative exhaustion, until August 14, 2024 is of no legal import. "[I]t is the entitlement to the right-to-sue letter" and not possession of the letter "that exhausts the complainant's administrative remedies." **Rice v. Russell-Stanley** 131 S.W.3d 510 (Tex. App. 2004).

**Fourth**, the District Court erred as a matter of law or plain error in its conclusion, that the Plaintiff claims were time-barred by statute of limitation. **The United States Magistrate Judge Hal R. Ray Jr., concedes that Plaintiffs three complaints from March 2022 are not time-barred.** ROA 24-10841.1008 These complaints are (1) GM's failure to enroll Smith in the ADAPT program; (2) GM's refusal to promote her after her second work anniversary; and (3) the alleged wrong discharge because of her disability. Therefore, all three acts occurred in March 2022 or after February 22, 2022 are within the statute of limitation of all

Smith's ADA complaints. Plaintiff Smith's claims falls within the 300-day statute

of limitations under 29 C.F.R. § 1601.13(4)(ii)(A), and the Supreme Court Ruling

**Delaware State College v. Ricks,** 449 U.S. 250, 258-59, 101 S.Ct. 498, 504-05,

66 L.Ed.2d 431 (1980), **E.E.O.C. v. WC&M Enterprises, Inc.,** 496 F.3d 393,

398 (5th Cir. 2007, and **Guidry v. La. Military Dep't Youth Challenge Program**

Civil Action 20-801-JWD-EWD (M.D. La. Sep. 21, 2023).

**Fifth,** Smith exhausted her administrative remedies on her failure to promote and

failure to enroll claims.

 Plaintiff Smith exhausted her administrative remedies on her failure to promote to

a permanent employee, and failure to enroll her in the ADAPT program claims

under **Employment Opportunity v. Houston Area Sheet Metal** Civil Action #

H-00-3390 (S.D. Tex. May. 31, 2002) A "one-time employment event," including

the failure to hire, promote, or train and a dismissal or demotion, is "the sort of

discrete and salient event that should put the employee on notice that a cause of

action has accrued." Exhaust administrative remedies under Texas law, a plaintiff

need not actually request or receive a right-to-sue letter"; "it is the mere

entitlement to the letter that exhausts the administrative process. *See* **Ledesma v.**

**Allstate Ins. Co.** 68 S.W.3d 765 (Tex. App. 2001). The fact that she did not

receive her TCHR right-to-sue letter, which serves as written verification of

13

administrative exhaustion, until August 14, 2024 is of no legal import. "[I]t is the entitlement to the right-to-sue letter" and not possession of the letter "that exhausts the complainant's administrative remedies." **Rice v. Russell-Stanley** 131 S.W.3d 510 (Tex. App. 2004). The August 14, 2024 Right-to-Sue Letter exhausted her administrative remedies for her and plaintiff could proceeded to federal district court without a TCHR right-to-sue letter, because the EEOC Dual filed notification to the Texas Workforce Commission Civil Rights Division and Plaintiff complied with 29 C.F.R. § 1601.13(4)(ii)(A) and Texas law. Plaintiff maintains that she therefore exhausted her administrative remedies on her "failure to promote to a permanent employee, and failure to enroll her in the ADAPT program " claims. **The heading on the "Charge of Discrimination" EEOC Form 5 submitted by Plaintiff to the court was titled: "Texas Workforce Commission Civil Rights Division and EEOC."** Appellant has complied with the requirements of filing a complaint with TCHR as set out in Texas Labor Code, because the TCHR designated the EEOC as its limited agent for receiving charges in section 2(a) of the Worksharing Agreement: "The [TCHR] by this agreement designates and establishes the EEOC as limited agent of the [TCHR] for the purpose of receiving charges on behalf of the [TCHR] and EEOC agrees to receive such charges." Administrative exhaustion occurs when a plaintiff files a timely charge with the EEOC and subsequently receives from the EEOC a

statutory notice of the right to sue the employer named in the charge. **Andrews v. 1788 Chicken, LLC** Civil Action 3:22-CV-00276-HTW-LGI (S.D. Miss. Sep. 25, 2024).

The federal authority the Defendant / GM cites is **Jones v. Grinell Corp**., 235 F.3d 972, 974-74 (5th Cir. 2001); see also **Luna v. Walgreen Co**., 2001 WL 1142806 (N.D.Tex. 2001). Indeed, both *Jones* and *Luna* involved plaintiffs who filed complaints with the Equal Employment Opportunity Commission (EEOC), but failed to indicate that they wanted their charges to be "filed with both the EEOC and the State or local agency." Luna, 2001 WL 1142806, at *3. Then, after receiving their right-to-sue letters from the EEOC, both plaintiffs sued in state court, alleging state law causes of action. *Id*. Thus, both plaintiffs completely failed to file a complaint with the Texas agency. It was this error, not the failure to obtain a right-to-sue letter, which constituted the plaintiffs' failure to exhaust their state administrative remedies. The EEOC dual filed Appellant Smith's charge to the TWC on 12/19/2022 13:19 Dual filing notification sent to Texas Workforce Commission Civil Rights Division. Appellant Smith maintains the she exhausted her administrative remedies on her failure to promote and failure to enroll claims.

**Sixth,** Smith pleads a proper wrongful discharge claim due to disability.

Plaintiff Smith plead a proper wrongful discharge claim in violation of 29 C.F.R. §
1630.2(g). ROA 24-10841.765 On March 03, 2022, Dr. McKinney with Concentra
called (817-293-7311) to inform that Plaintiff/EE had a Designated Doctor Exam
(DDE) in November of 2021 and it was suggested that Plaintiff/EE would benefit
from an epidural injection but Plaintiff/EE has yet to receive one. Dr. McKinney
informed me/ Dr. Ken Novak PA-C that she has ordered the injection but it still
needs to be approved by Sedgwick. I/ Dr. Ken Novak PA-C asked if she needed
me/ Dr. Ken Novak PA-C to contact Sedgwick to inform them to expect it but
suggested that she would submit the order and only involve me should it get
refused. I/ Dr. Ken Novak PA-C informed Dr. McKinney of Plaintiff/EE non
Compliance with getting DWCs to us and with attending her appointments. Dr.
McKinney was not surprised. She reports that Plaintiff/EE has another DDE
scheduled for April 2022 and wants to have the epidural done prior to that.
Plaintiff/EE has an appointment with me/ Dr. Ken Novak PA-C next week on 3-8-
2022. I/ Dr. Ken Novak PA-C hope she/Plaintiff attends. After the phone call
between Dr. McKinney and Dr. Ken Novak PA-C on 3-3-2022 Plaintiff was listed
as terminated in General Motors system. A jury could conclude that the plaintiff
"was terminated because of her disabilities (Concussion: S60.0X0, Head contusion,
Cervical Strain, Back Injury, and PTSD) and that Plaintiff would benefit from an
epidural injection. ROA 24-10841.761 *See* **Deville v. The Univ. of Tex. M.D.**

**Anderson Cancer Ctr.** 634 S.W.3d 324 (Tex. App. 2021) and **McInnis v. Alamo Community College Dist** 207 F.3d 276 (5th Cir. 2000). Plaintiff maintains that General Motors fired her because of her disability since she was told "you have about a week to clear medical to get your job back" ROA 24-10841.608. The TCHRA prohibits employers from discriminating against individuals "because of" disability. TEX. LAB. CODE § 21.051. *See* **Deville v. The Univ. of Tex. M.D. Anderson Cancer Ctr.** 634 S.W.3d 324 (Tex. App. 2021)**.** In discrimination cases under the TCHRA, "Texas jurisprudence parallels federal cases construing and applying equivalent federal statutes, like Title VII" of the Civil Rights Act of 1964. *Id.* at 781. Therefore, Appellant Smith maintains she pleads a proper wrongful discharge claim. The Defendant's sole allegation is Plaintiff was terminated for failing to return from leave on 04-23-2021 is pretexual see ROA 24-10841.763 visit # 23465196 Notes: Restriction left in place by K. Novak until 05/18/2021. On June 15, 2023, one year after the wrongful discharge Appellant's treating doctor Naimah Harris PA-C ROA 24-10841.582-583 wrote "Healing is in the beginning stages" and never released Appellant to full duty without restriction as Defendant's augment's are suggesting . Appellant Rochelle L. Smith ("Plaintiff") objects to the claims and allegations as baseless, because Plaintiff never took a leave from work after the August 29, 2020 on the job accident or asked for leave from work. The finder of fact should have resolved the

dispute at trial. See **Heinsohn v. Carabin & Shaw, P.C**. 832 F.3d 224 (5th Cir. 2016) and **Campos v. Steves & Sons, Inc.** 10 F.4th 515 (5th Cir. 2021).

**Seventh,** Smith did adequately pled disability under the ADA.

The district court did not use the correct definition of disability from the ADAAA and its corresponding regulations. Instead, on page 10 of R.114, the court relied on an outdated, pre-ADAAA definition of "disability." The EEOC uses the ADA Amendments Act of 2008 ("ADAAA").

Pursuant to 29 C.F.R. § 1630.2(g) Plaintiff's anatomical loss affecting one or more body systems, such as neurological impairments (Concussion: S60.0X0, Head contusion, Cervical Strain, Back Injury, and PTSD) which lead to her restrictions and limitations pursuant to 29 C.F.R. § 1630.2(i), (Max: walking, standing for 4 hours, No: bending/stooping, climbing stairs or ladders, overhead reaching, May not lift or carry over 15 lbs, No driving/operating heavy equipment, No work at heights or scaffolding) meets the ADA requirements to show plaintiff was disabled. *See* **Gosby v. Apache Indus. Servs., Inc.,** 30 F.4th 523, 525 (5th Cir. 2022). ROA 24-10841.820 Defendant regarded Plaintiff as disable due to her physical and mental impairment when they placed her on NJAWR (no job available with restrictions) ROA 24-10841.757-758 from the August 29, 2020 on the job injury and a jury could conclude that the plaintiff "was terminated because

her employer regarded her as disabled," were Plaintiff's treating doctor at CMC

Burleson restricted Plaintiff to return to work with Medical Restrictions and

"sedentary work only" Plaintiff was placed performing sedentary work day in and

day out for a short period and could maintain employment without any special

accommodation before Plaintiff's than Supervisor Nate Hampton removed her

from the sedentary work assignment. *See* 20 C.F.R. § 416.967 and **Reese v. Saul**

CIVIL ACTION NO. 4:19-CV-2787 (S.D. Tex. Nov. 3, 2020). The Defendant

provided no evidence that the Appellant was not disabled as contemplated by the

ADAAA. Appellant provide the court and the defendant the GM Medical Records

Report of Appellant's treatments and GM Medical PA-C Dr. Ken Novak, and Dr.

Cheng notes to show her disabling impairments does substantially limit her major

life activity. Erin Rebecca Fiedler, DO of Baylor Scott & White Health assessment

of Plaintiff as having an on-going head and neck injury ROA 24-10841.586-606.

**Eighth,** Smith did state facts to show that she was qualified for the job.

Appellant Rochelle L. Smith was qualified for the job at the General Motors

Arlington Assembly Plant because she completed the General Motors policy

required post-offer/pre-employment physical examination in advance of her

February 24, 2020 start date. Appellant Smith was scheduled to become a

permanent employee after her second work anniversary, which would have

occurred on February 24, 2022 less than 10 day before the March 03, 2022 wrongful discharge. Plaintiff was qualified for her job in the as a forklift driver because "she passed the GM medical exam that allowed her to operate heavy operating equipment, held a GM license to drive a forklift, "and that she was qualified for sedentary work after the forklift incident at the General Motors Arlington Assembly Plant, because her than Supervisor Nate Hampton place her in a sedentary work assignment for a short period without any special accommodation. GM argued they placed Plaintiff in no less than six different jobs, all against the restriction of Plaintiff's treating doctor at CMC Burleson and GM Medical PA-C Dr. Ken Novak, and Dr. Cheng, and afterwards placing Appellant on NJAWR (no job available with restrictions). Appellant contends that she could safely perform the sedentary work assignment with her disabling impairments, because the sedentary work permitted her to shift positions at will from sitting, standing, or walking. Defendant GM failed to accommodate her when they changed her sedentary work assignment and failed to placed her in the ADAPT program after removing her from the sedentary work assignment. General Motors, LLC claims Plaintiff was not qualified to attend the ADAPT program, but employee Adrian Hill ROA 24-10841.816-817 who was hired in the same hiring class as Plaintiff was allowed to attend the ADAPT program after his on the job injury. Adrian Hill was also allowed to work the GM assembly line. There were

numerous sedentary jobs in the General Motors Arlington Assembly Plant that

such a person like Appellant Smith could perform without any special

accommodation. *See* **McGregor v. United Healthcare Services, Inc.** CIVIL

ACTION H-09-2340 (S.D. Tex. Aug. 6, 2010) denying summary judgment to

employer on failure-to-accommodate claim and **Young v. United Parcel Serv.,**

**Inc.** 574 U.S. 972 (2015), finding a genuine dispute of material fact where the

evidence introduced by the employee created a question as to whether the

employer "provided more favorable treatment to at least some employees……

Appellant Smith was treated less favorably than employee Adrian Hill. Defendant

also provided no evidence that the Appellant was not qualified for the sedentary

work assignment or that Appellant was not qualified to attend the ADAPT

program. Appellant Smith maintains she was qualified for the sedentary work

assignment and qualified to attend the ADAPT program.

Plaintiff Smith is not required to plead an adequately claim of disability or that she

qualified for the job under the ADA in her initial complaint. Plaintiff filed her suit

pursuant to requirement of Federal Rule of Civil Procedure 8. Federal Rule of Civil

Procedure 8(a)(2) requires simply a "short and plain statement of the claim" in a

complaint, and Federal Rule of Civil Procedure 8(a) does not require a plaintiff to

set out every detail of his/her claim. *See* **Johnson v. City of Shelby** 574 U.S. 10

(2014), **Suarez v. Nueces County, Texas** CIVIL ACTION NO. C-08-217 (S.D.

Tex. Sep. 9, 2008) and **Moore v. BASF Corp.** CIVIL ACTION NO: 11-1001

(E.D. La. Nov. 21, 2011).

 **Ninth**, the District Court erred as a matter of law or plain error in its conclusion,

the Court need not consider the allegations that Smith made in her responses

because she did not raise them in her original or amended complaint.

In Martinez this circuit approved of appellate consideration of an issue asserted for

the first time on appeal "when a pure question of law is involved and a refusal to

consider it would result in a miscarriage of justice." **Martinez v. Mathews** 544

F.2d 1233 (5th Cir. 1976). As a result, appellate courts have considerable

discretion in deciding whether to consider an issue that was not raised below.

Plaintiffs are not required to outline all the elements of their claims. Rule 8(a)

requires only a complaint contain a "short and plain statement of the claim showing

that the pleader is entitled to relief." Rather, a short and plain statement of the

claim is sufficient if it gives the defendant fair notice of what the claim is and the

grounds upon which it rests. Appellant Smith pled a sufficient complaint to survive

a dismissal on the pleadings. *See* **Groden v. City of Dall.** 826 F.3d 280 (5th Cir.

2016) the defendant has never answered plaintiff's complaint. Instead, it has filed

two motions to dismiss under Rule 12(b)(6) and 12(c). When a defendant moves to

dismiss after answering the complaint, the Court treats the motion as one for

judgment on the pleadings under Federal Rule of Civil Procedure 12(c). But Rule 12(c)'s standard is the same as Rule 12(b)(6).

A valid claim for relief requires "sufficient [facts], accepted as true" that give the claim "facial plausibility" and allow the Court "to draw the reasonable inference that the defendant is liable for the [alleged misconduct]." Although the plausibility standard does not impose a "probability requirement," it requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Mere "recitals of a cause of action's elements" and "conclusory statements" supporting them do not satisfy the plausibility standard. Id. But courts should allow a well-pleaded complaint to survive a motion to dismiss even if "recovery is very remote and unlikely." *See* **Hager v. NationsBank N.A.** 167 F.3d 245 (5th Cir. 1999)

**Tenth**, the district court did not use the correct definition of disability from the ADAAA and its corresponding regulations. Instead, on page 10 of R.114, the court relied on an outdated, pre-ADAAA definition of "disability." The EEOC uses the ADA Amendments Act of 2008 ("ADAAA"). *See* **Johnson v. Jpmorgan Chase & Co.** CIVIL ACTION NO. 16-1632 (W.D. La. Feb. 16, 2017). The ADA prohibits a covered entity, i.e. an employer, from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of

employment." 42 U.S.C. §§ 12111-12112. In 2008, the Congress passed the "ADA Amendments Act of 2008," (the "ADAAA"), with a stated purpose, *inter alia*, "to carry out the ADA's objectives of providing clear and comprehensive national mandate for the elimination of discrimination and clear, strong, consistent, enforceable standards addressing discrimination by reinstating a broad scope of protection to be available under the ADA . . ." (ADAAA, PL 110-325, September 25, 2008, 122 Stat 3553). The ADAAA went into effect on January 1, 2009. *Id*.

**Eleventh**, the district court erred in its contention that "Roughly a year later, in March 2022, Smith had not returned to work".

Appellant Smith's Work Status Report ROA 24-10841.770 –796 and evidence debunked the district court's contention. Appellant Smith returned to the General Motors Arlington Assembly Plant after each visit with her treating doctor at CMC Burleson to update her restrictions with the GM Medical Department, but was always sent home due to her restrictions or she faxed in a copy of her restrictions to the GM Medical Department. Appellant Smith was placed on NJAWR (no job available with restrictions) on or about 03/03/2021, for complaining about the work assignments violating her medical restrictions. On 03/19/2021 Appellant Smith was notified that, "If updated restrictions are similar, she will continue to be out NJAWR (no job available with restrictions). Appellant Smith NJAWR (no job available with

restrictions) restrictions were extended to March 08, 2022. ROA 24-10841.763 In

between 03/12/2021 and 03/08/2022 Appellant Smith was informed by the ADAPT

Supervisor not to return to work until her restriction changed. After the wrongful

discharge Appellant Smith was texted by Union Steward KP "you have about a

week to clear medical to get your job back" ROA 24-10841.608. Appellant Smith

was never informed that she may be terminated, denied to attend the "ADAPT"

program or declined to be promoted from a temporary employee to permanent

employee if her restriction had not changed in a year or if GM Medical Department

would not clear her in regards to her restriction. Appellant Smith has established a

prima facie case of discrimination under Title VII that General Motors's failure to

permit her to attend the "ADAPT" program, failure to promote to a permanent

employee, and wrongful discharge claim was caused by Appellant Smith's

"disability." General Motors's reasons were pretextual. If the jury had heard this

evidence, there is at least a reasonable probability that they would have rejected

General Motors's arguments. Appellant Smith has made a sufficient showing that

an application at bar under the circumstances of this case would result in a

miscarriage of justice. *See* **Inclusive Communities Project v. Tx. Dept. of**

**Housing** 749 F. Supp. 2d 486 (N.D. Tex. 2010) plaintiffs had presented some

evidence that defendants' practices did not corroborate their explanation.

The District Court made an express finding that it was not persuaded by the

Appellant's merits of the arguments, but did not identify any facts that contradicted Appellant's evidence or conclusions. GM's arguments were unsupported by the record.

## Conclusion

For the foregoing reasons, Appellant Smith respectfully requests that this Court vacate the district court's dismissal of the complaint.

## CERTIFICATE OF SERVICE

I hereby certify that on December 02, 2024, the foregoing was filed in the above foregoing with the Clerk of the Court, utilizing the ECF system and emailed to the following:

| | |
|---|---|
| Jonathan G. Rector | /s/Rochelle L. Smith |
| Texas Bar No. 24090347 | Rochelle L. Smith |
| M. Collin Quigley | 409 Ave E |
| Texas Bar No. 24100928 | Dallas, Texas 75203 |
| LITTLER MENDELSON P.C. | rochellesmithdallas@gmail.com |
| 2001 Ross Avenue Suite 1500 | (682) 597-0928 |
| Dallas, Texas 75201-2931 | |
| (214) 880-8100 | |
| (214) 880-0181 (Fax) | |

jrector@littler.com

cquigley@littler.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the type- volume requirements set forth in Federal Rule of Appellate Procedure 32(a)(7)(B). Excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f), this brief contains 6,811 words, as determined by the Microsoft Word 2016 word processing program, with 14-point proportionally spaced type for text and 14-point proportionally spaced type.